UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAJ PATEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRESIDENT JOE BIDEN, et al.,<br><br>　　　　Defendants. | Case No. 2:21-cv-01345-APG-EJY<br><br>**ORDER**<br>Re: ECF No. 1<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION**<br>Re: ECF Nos. 1-1, 4, 6, 7 |

Pending before the Court is pro se Plaintiff Raj Patel's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Plaintiff attached a Complaint to his Application (ECF No. 1-1) and has filed three motions for leave to amend his complaint (ECF Nos. 4, 6, and 7). Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*.

District Courts screen complaints brought by plaintiffs seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff alleges that various federal officials and agencies are using his "word patterns" as a "stress weapon" against him and others. *See generally* ECF No. 1-1. He claims those Defendants deprived him of intellectual property by taking his words without just compensation. He also claims that his "word patterns were used to batter/whip [him] via the soundwaves as part" of a criminal enterprise, causing a decline in academic performance and weight gain. *Id*. at 13, 17-19. Plaintiff brings this suit under "the 5th Amendment Due Process, the 14th Amendment Due Process, the Privileges and Immunities Clause . . . and possibly the Guarantee Clause" of the U.S. Constitution, as well as several "treaties of the United States" and "18 U.S.C. §§ 1961–1968 (R.I.C.O.); 42 U.S.C. §§ 1981–1983 (deprivation of civil rights, 5th Amendment), or 18 U.S.C. §§ 1931–1934 (honest services)." *Id*. at 2-3. As relief, Plaintiff requests a *writ of mandamus*, a *writ quo warranto*, a *writ of prohibition*, "enforcement and application of the privileges and immunities clauses and the Full Faith and Credit Clauses," restoration of his academic record, transfer of this case to the Southern District of New York, and 330 million to 3.76 billion dollars. *Id*. at 21. Plaintiff has brought similar lawsuits in the Southern District of Indiana, all of which have been dismissed as frivolous. *See*, *e.g.*, *Patel v. Trump*, Case No. 20-cv-758-RLY-MJD (S.D. Ind.); *Patel v. Trump*, Case No. 20-cv-454-SEB-DML (S.D. Ind.); *Patel v. Patel*, 834 F. App'x 244 (7th Cir. Jan. 21, 2021) (Mem) (upholding dismissal for failure to state a claim and warning Plaintiff against filing frivolous appeals).

Construed liberally, Plaintiff's claims are frivolous and do not state any plausible claim upon which relief can be granted. *Denton*, 504 U.S. at 33. A review of the allegations reveal that the deficiencies cannot be cured as they are largely delusional. This is borne out by Plaintiff's motions to amend his Complaint. ECF Nos. 4, 6, 7. These amendments contain additional frivolous claims and legal theories that do not entitle Plaintiff to relief and therefore do not cure, but compound, the deficiencies in his original Complaint. The Court finds that any amendment would be futile, and therefore recommends denying Plaintiff's motions to amend.

I.   **ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

## II. RECOMMENDATION

In light of the frivolous and delusional nature of Plaintiff's claims,

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff's Motions for Leave to Amend his Complaint (ECF Nos. 4, 6, 7) be DENIED.

Dated this 5th day of August, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).